## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HENRY COOK, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 2:13-cv-026-WTL-MJD |
| | ) | |
| STANLEY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

The petition of Henry Cook for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 12-10-0041. For the reasons explained in this Entry, Cook's habeas petition must be **denied**.

### A.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B.  The Disciplinary Proceeding

On September 25, 2012, Correctional Officer Collins wrote a conduct report charging

Cook with tampering, altering, blocking any locking device, Code 226. The conduct report

stated:

I, C/O D. Collins #163, was switching my partner out from the desk area to go to the [f]loor, when I heard a loud noise that sounded like a door slammed shut. As, I glanced over toward the counselors office, I C/O D. Collins #163, noticed that an offender was[i]n the counselors (sic) office. When I approached the door to the counselors (sic) office, I noticed that the door was closed and locked. Offender Cook, Henry DOC # 197877, opened the [d]oor and tried to come out. I, C/O D. Collins #163, stopped Offender Cook, Henry 197877 from coming out of the office and had notified my supervisor of the situation. My supervisor came down, talked to Offender Cook, Henry 197877, then [e]scorted Cook with another J-1 to HCU and then to MSU. Cook, Henry 197877 I.D. was taken [f]or verification and was [i]nformed of write-up.

Officer Collins' conduct report was then forwarded to the Internal Affairs office and

Investigator Wire wrote a report of investigation of incident:

On 9/28/2012 Sgt. Ellis contacted myself and advised that he had received a conduct report filed on Offender Henry Cook for "Tampering, Altering, Blocking, any Locking Devise (sic) (ADP 226). Offender Cook had been observed by Officer Collins manipulating the Behavior Management Unit (BMU) Counselor Office door to gain access to the office. Cook was then apprehended and segregated in the Maximum Security Unit. The offense on Cook['s] Conduct Report did not seem to match up with Offender Cook['s] actions. Offender Cook did manipulate the office door however he did not tamper, alter or block the locking device of the door. For this reason Sgt. Ellis requested an investigation into this incident and forwarded the Conduct Report filed by Officer Collins.

On this same date I attempted to interview Offender Cook at MSU. During this interview Offender Cook acknowledged his name and DOC number but declined to answer any of my questions. See attached copy of Criminal Law and Procedure #35-43-2-2 (Trespassing). Report of Conduct on Offender Cook filed by Officer Collins and attached [s]creening documentation.

Investigator Wire wrote another conduct report charging Cook with class A offense Code

100, violation of any federal or local law, specifically, trespassing "when he manipulated the

BMU Counselor door and entered into the counselor['s] office without authorization."

On October 4, 2012, Cook was notified of the charge and given a copy of the report of

conduct and the screening report. He was notified of his rights, pled not guilty, and requested the

appointment of a lay advocate. He did not request any witnesses or evidence.

A hearing was conducted on October 9, 2012. A disciplinary hearing officer found Cook guilty of the Code 100 charge of violating a law. In finding Cook guilty, the hearing officer considered the staff reports and the statement of the offender. Cook stated that "[he] is in a self destructive mode. He made a mistake." The hearing officer stated that he believed the conduct report to be true and factual.

Cook was sanctioned with a written reprimand, a period of 12 months in disciplinary segregation, an earned credit time deprivation of 365 days, and a credit class demotion from class II to class III. These sanctions were imposed because of the seriousness and nature of the offense and the degree to which the violation disrupted/endangered the security of the facility.

Cook appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

## C.  Analysis

Cook asserts the following claims: 1) the screening officer violated Adult Disciplinary Procedures ("ADP") when he sent the initial conduct report to internal affairs and upgraded the offense level, and 2) the hearing officer was not impartial when he called an internal affairs officer during the hearing to inquire about how to handle the increased offense.

Cook's first claim fails because it relies on provisions of the ADP or state law. Habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). The alleged

increase in the offense code level did not violate due process.

Cook's second claim is that the hearing officer was not impartial. *Wolff* does require impartial decisionmakers at disciplinary hearings. *Wolff,* 418 U.S. at 571. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie,* 342 F.3d at 667. The hearing officer here, however, had no disqualifying personal involvement in or knowledge of circumstances involved in the conduct reports. Here, the hearing officer set forth the evidence upon which he relied and the reason he found Cook guilty. His findings are supported by some evidence. Under these circumstances, there has been no showing of partiality or bias.

### D.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Cook's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  10/15/2013

Distribution:

Henry Cook, #197877
Westville Correctional Center
5501 South 1100 West
Westville, IN 46391-0473

All electronically registered counsel

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana